[Cite as *Hall v. S. Ohio Corr. Facility*, 2011-Ohio-5330.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERNEST HALL

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant
    Case No. 2010-08969

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On July 8, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that he took medication that made him "fall down" and that when he informed a nurse employed by defendant, she refused to allow fellow inmates to help him off the floor, and that he had to crawl into his cell. Defendant disputes plaintiff's allegations.

{¶5} In support of its motion, defendant filed the affidavit of Bertha Goodman, who states:

{¶6} "1.    I am currently employed by the Ohio Department of Rehabilitation and Correction (DRC) as the Psychiatric Nurse Supervisor at [defendant].

{¶7} "2.    I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶8} "3.    As part of my job duties, I interact with inmates under custody and control of DRC. I am familiar with [plaintiff].

{¶9}   "4.    I did not give [plaintiff] medication knowing that it was making him fall to the ground.

{¶10} "5.    I did not witness [plaintiff] fall to the ground because of any medication I may have given him.

{¶11} "6.    I did not instruct the other inmates to leave [plaintiff] on the floor if he fell to the ground.

{¶12} "7.    I did not instruct [plaintiff] to crawl back to his cell after giving him any medication.

{¶13} "8.    Furthermore, I never threatened [plaintiff] in any manner at any point throughout his incarceration."

{¶14} Upon review, the court finds that the only reasonable conclusion to be drawn from the unrebutted affidavit testimony provided by defendant is that Goodman

did not give plaintiff medication that made him fall down and did not order other inmates not to help plaintiff such that he was forced to crawl to his cell.

{¶15}　　Civ.R. 56(E) provides in pertinent part:

{¶16}　　"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶17}　　The court finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Ashley L. Oliker　　　　　　　　　　Ernest Hall, #A224-414
Jennifer A. Adair　　　　　　　　　　Southern Ohio Correctional Facility
Assistant Attorneys General　　　　　P.O. Box 45699
150 East Gay Street, 18th Floor　　　Lucasville, Ohio 45699
Columbus, Ohio 43215-3130

MR/dms
Filed September 6, 2011
To S.C. reporter October 13, 2011